IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RHJ MEDICAL CENTER, INC., on its own behalf and on behalf of its patients, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION NO. 3:09-cv-131 |
| v. | ) ) | JUDGE KIM R. GIBSON |
| CITY OF DUBOIS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**GIBSON, J.**

**I. SYNOPSIS**

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. No. 56) and Defendant's Motion for Partial Summary Judgment (Doc. No. 62), both pursuant to Fed. R. Civ. P. 56. For reasons set forth herein, both Plaintiff's and Defendant's motions are hereby **DENIED**.

**II. JURISDICTION AND VENUE**

Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. Venue is proper pursuant to 28 U.S.C. § 1391.

**III. FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises from a dispute between Plaintiff and Defendant regarding the placement of a methadone treatment facility within the boundaries of the City of Dubois, Pennsylvania. The history between the parties has been controversial and rancorous, with no obvious resolution in sight after five years of disagreement on a variety of issues, including whether Plaintiff should

1

be permitted to open its methadone treatment facility in the City of Dubois, where that facility should be placed, and what rights and obligations Plaintiff and Defendant have under local, state, and federal law in making those decisions. This Court has already discussed the lengthy history of the dispute in its previous Memorandum denying Defendant's Motion for Judgment on the Pleadings (Doc. No. 39), and will not revisit that factual background in depth here.

The legal controversy revolves around the legitimacy of Defendant's actions in preventing the establishment of the methadone facility at Plaintiff's chosen site, first under Pennsylvania law, and later, pursuant to a local ordinance passed by Defendant's City Council. In denying a permit to Plaintiff to operate at its chosen location in downtown Dubois, Defendant first invoked a Pennsylvania statute, 53 P.S. § 10621, that purportedly gave it the authority to prevent the establishment of the facility within a certain distance of a public park, and later enabled it to obtain a temporary injunction in the Clearfield County Court of Common Pleas in October 2006 preventing Plaintiff from operating its facility. However, when the Third Circuit ruled in *New Directions Treatment Services* v. *City of Reading*, 490 F.3d 293 (3d Cir. 2007) that the aforementioned statute violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., and the Rehabilitation Act, 29 U.S.C. §§ 701, et seq., the injunction was dissolved. Accordingly, the Dubois City Council passed Ordinance Number 1720 in November 2007, which amended Defendant's zoning laws in a number of ways, including prohibiting the establishment of methadone or drug treatment clinics or centers in certain areas of the city. In the aftermath of this new obstacle to the facility, Plaintiff terminated its lease on the facility's originally chosen site in July 2008.

Plaintiff filed a six-count complaint against Defendant in this Court on May 14, 2009. Count I asserts a violation of the Fourteenth Amendment's Due Process and Equal Protection

Clauses for Defendant's actions under 53 P.S. § 10621. Count II asserts a claim under the Rehabilitation Act for Defendant's actions under 53 P.S. § 10621. Count III asserts a claim under Title II of the ADA for Defendant's actions under 53 P.S. § 10621. Count IV asserts a violation of the Fourteenth Amendment's Due Process and Equal Protection Clauses for Defendant's actions under Ordinance Number 1720. Count V asserts a claim under the Rehabilitation Act for Defendant's actions under Ordinance Number 1720. Finally, Count VI asserts a claim under Title II of the ADA for Defendant's actions under Ordinance Number 1720. On December 7, 2010, this Court denied in full Defendant's Motion for Judgment on the Pleadings (Doc. No. 39).

Plaintiff filed its Motion for Partial Summary Judgment (Doc. No. 56) as to liability for all six causes of action on October 27, 2011, accompanied by its Brief in Support (Doc. No. 65), Concise Statement of Material Facts (Doc. No. 58), and Appendix to Concise Statement of Material Facts (Doc. No. 59). In response, Defendant filed on November 16, 2011 a Brief in Opposition to Plaintiff's Motion (Doc. No. 70), along with a Response and Counterstatement of Material Disputed Facts (Doc. No. 71) and an Appendix (Doc. No. 72). On December 5, 2011, Plaintiff filed its Reply to Defendant's Brief in Opposition (Doc. No. 75) and a Reply to Defendant's Counterstatement of Facts (Doc. No. 74).

Defendant filed its own Motion for Partial Summary Judgment on October 28, 2011 (Doc. No. 62) as to counts 1, 2, 4, and 5, along with a Brief in Support (Doc. No. 63), Concise Statement of Material Facts (Doc. No. 60), and Appendix to Concise Statement of Material Facts (Doc. No. 61). In response, Plaintiff filed its Brief in Opposition (Doc. No. 69), Response and Counterstatement of Material Facts (Doc. No. 67), and an Appendix (Doc. No. 68). This Court later granted Defendant's Motion to Incorporate as a Reply in Support of its Motion for Summary Judgment, Defendant's Response in Opposition to Plaintiff's Motion for Summary

Judgment (Doc. No. 76).

## IV. STANDARD OF REVIEW

"Summary judgment is appropriate only where, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56 (a).[1] Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those which will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248.

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading," but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (internal citations omitted); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); see also *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue" (internal quotation marks omitted)).

---

[1] Rule 56 was revised in 2010. The standard previously set forth in subsection (c) is now codified as subsection (a). The language of this subsection is unchanged, except for "one word—genuine 'issue' bec[ame] genuine 'dispute.'" Fed. R. Civ. P. 56 advisory committee's note, 2010 amend.

4

## V. DISCUSSION

The Court first notes that both Plaintiff and Defendant have submitted thorough and detailed pleadings, both as to their respective motions for summary judgment, as well as their responses to those motions. A careful consideration of this voluminous record reveals that there are countless issues of disputed material fact that cannot be resolved prior to trial, and which are pertinent to every one of Plaintiff's claims. Indeed, a review of the briefs and statements of material fact provides almost two completely different versions of the dispute regarding placement of Plaintiff's methadone facility.[2] Documenting all of these factual conflicts would be an exhausting task, but a brief discussion of some of the more exemplary – and critical – disputes will illustrate why summary judgment is not appropriate in this case.

Regarding the city's initial denial of a permit for the facility under 53 P.S. § 10621, and whether it violated the Due Process Clause, Equal Protection Clause, Rehabilitation Act, and Americans with Disabilities Act, it remains an open question as to what Defendant's actual justifications were. Defendant presents a number of potentially rational reasons as to why it denied the permit, including traffic concerns, RHJ's ability to operate the facility, and its relationship with the community. Doc. No. 70 at 26-7. Plaintiff contrasts this with what it describes as a campaign of "irrational concerns, unjustified fears, and blatant stereotypes about methadone treatment centers", highlighted by comments made by the city mayor and purportedly encouraged by city officials at a town hall meeting about the facility Doc. No. 65 at 14. Defendant further argues that its enforcement of 53 P.S. § 10621 was not motivated by a desire to harm those seeking methadone treatment, which Plaintiff disputes. Doc. No. 63 at 5-6.

---

[2] To provide one example, while not a factual dispute, the parties cannot even agree on the meaning of the language of Ordinance 1720. Doc. No. 70 at 5-6; Doc. No. 65 at 8-9.

5

Similarly, there are numerous material facts pertaining to Defendant's passing of Ordinance 1720 which prevent this Court from granting summary judgment for either party. Plaintiff argues that the ordinance was drafted "to ensure that [Defendant] would be unable to locate at the Site" whether or not the then-ongoing injunction was upheld, and that the ordinance "specifically singled out methadone facilities for different treatment." Doc. No. 65 at 16. For its part, Defendant counters that the ordinance's purpose was to facilitate the creation a medical services campus near the regional medical center. Doc. No. 70 at 18. The parties' version of events further conflict with regard to the mayor's comments and whether he had any influence on decisions taken by the City Council. Doc. No. 70 at 21-22; Doc. No. 65 at 12-13. And they present two different versions of the process whereby the city denied Plaintiff's permit and what documents were relevant to that determination. Doc. No. 65 at 13-14; Doc. No. 70 at 23-24.

The existence of these and many other significant factual disputes, well-developed in the record by both sides, significantly weighs against any premature determinations as to Plaintiff's claims in this matter. The Court notes that this case will presumptively be called for bench trial on February 21, 2012, which will place the Court in the position of factfinder. At that point, counsel will be given full opportunity to test their respective theories of the case, thus enabling this Court to reconcile the vast discrepancies in the factual record.

## VI. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment is **DENIED IN FULL**. Defendant's Motion for Partial Summary Judgment is also **DENIED IN FULL**. This case will presumptively be called for bench trial on February 21, 2012, to continue on each successive weekday through February 24, 2012. An Order follows this Memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHJ MEDICAL CENTER, INC., on its own behalf and on behalf of its patients, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 3:09-cv-131 |
| v. ) | JUDGE KIM R. GIBSON |
| ) | |
| CITY OF DUBOIS, ) ) ) | |
| Defendant. ) | |

## ORDER

**AND NOW**, this 5th day of January 2012, this matter coming before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. No. 56) and Defendant's Motion for Partial Summary Judgment (Doc. No. 62), **IT IS HEREBY ORDERED** that the motions are **DENIED** in all respects.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

7